UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE NORMAN CARTER,<br><br>Petitioner,<br><br>v.<br><br>M. McVAY,<br><br>Respondent. | No. 2:23-cv-00161-EFB (HC)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The petition lists two ground for relief: (1) ineffective assistance of federal habeas counsel in violation of the Sixth Amendment; and (2) a coerced guilty plea in violation of due process.  ECF No. 1 at 5, 7.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to

/////

/////

/////

---

[1] He also seeks leave to proceed in forma pauperis.  ECF No. 2.  That request is granted.

federal habeas relief because the first claim for relief is not cognizable and the petition is barred by the statute of limitations.[2]

Petitioner's first claim must be dismissed because it is not cognizable. There is no constitutional right to counsel in a habeas proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wright v. West*, 505 U.S. 277, 293 (1992). Because petitioner had no constitutional right to counsel in his federal habeas proceeding, no error by that counsel could constitute a Sixth Amendment violation. *See Harris v. Vasquez*, 949 F.2d 1497, 1513-14 (9th Cir. 1991).

Regardless, the entire petition must be dismissed because it is barred by the statute of limitations. A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases, the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

In May of 2014, petitioner was convicted of first degree murder and sentenced to life without the possibility of parole. ECF No. 1 at 1. Review of the California Courts Case Information website shows that on June 14, 2016, the Court of Appeal for the Third Appellate District affirmed the judgment, and on August 24, 2016, the California Supreme Court denied his petition for review.[3] Consequently, petitioner's state court judgment became final ninety days later, on November 22, 2016, after the time to seek review from the United States Supreme Court

---

[2] This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency).

[3] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

by way of a petition for writ of certiorari ended.[4] *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which [petitioner] could have sought direct review of his conviction therefore included the ninety-day period within which [petitioner] could have filed a petition for writ of certiorari . . . the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired."). Absent tolling, petitioner had until November 22, 2017 to file a federal habeas petition. Petitioner filed the instant petition on January 22, 2023, over six years after his criminal conviction became final. ECF No. 1 at 21. Because the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Petitioner contends that his petition should be considered timely because of alleged "misconduct" by counsel in a prior federal habeas action, designated *Carter v. Asuncion*, No. 2:18-cv-00078-WBS-AC (E.D. Cal.) ("*Carter*"). Petitioner cites to *Holland v. Florida*, 560 U.S. 631 (2010), which held that an attorney's unprofessional conduct could be an "extraordinary circumstance" justifying equitable tolling of the statute of limitations. ECF No. 1 at 14. To be entitled to equitable tolling, however, petitioner must not only show that some extraordinary circumstance stood in his way, he must also show that he has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

According to petitioner, his federal habeas counsel "coerced" him into "signing a withdrawal motion which [his attorney] drafted and then falsely proffered to this court as having been written and prepared by petitioner." ECF No. 1 at 5. Indeed, court records show that petitioner timely filed a petition on November 1, 2017, and that on June 14, 2018, petitioner's counsel moved to withdraw it. *Carter*, ECF No. 1 & 20. On June 29, 2018, the court granted the motion and dismissed the petition. *Id.*, ECF No. 21. Petitioner's claim of misconduct is undercut, however, by a handwritten letter from petitioner that was filed with the motion to

---

[4] Petitioner states that he did not file a petition for writ of certiorari. ECF No. 1 at 3.

withdraw. In the letter, dated June 13, 2018 and signed under penalty of perjury, petitioner writes that based on the advice of his counsel, he has asked him to move to withdraw the petition. *Id.* ECF No. 20 at 3. Assuming, however, that this handwritten letter was "coerced" and that the conduct of petitioner's attorney's was sufficiently egregious to constitute an extraordinary circumstance for equitable tolling purposes, the criteria for equitable tolling has not been satisfied because petitioner has not shown that he exercised reasonable diligence in the nearly five years that have elapsed since withdrawing the first petition in June of 2018.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of service of this order, petitioner must show cause why the court should not summarily dismiss the petition as untimely. If petitioner intends to rely on the equitable-tolling doctrine, his response to this Order to Show Cause should state facts demonstrating that, despite the exercise of reasonable diligence, he could not have filed the instant petition any earlier. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: April 17, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE